J. M. OLDHAM AND WIFE, MARY A. OLDHAM, J. LEAK SPENCER, A. BURWELL, LEE A. FOLGER, G. G. GALLOWAY AND WIFE, CARRIE MARSHALL GALLOWAY, W. J. BROWN, ADOLPH M. YOUNG AND WIFE, NANCY YOUNG, E. C. SWEENEY AND WIFE, L. W. SWEENEY, C. W. JOHNSTON, J. A. C. WADSWORTH, M. L. CANNON, EDWIN L. JONES AND WIFE, ANNABELLE LAMBETH JONES, STERLING GRAYDON, H. A. LONDON, WM. H. PORCHER AND WIFE, ACTON LATTA PORCHER, FRANK O. SHERRILL AND WIFE, RUTH J. SHERRILL, F. M. REDD AND CHARLOTTE CONSOLIDATED CONSTRUCTION COMPANY, A CORPORATION, IN BEHALF OF THEMSELVES AND ALL OTHER PERSONS OWNING LOTS IN THE SUBDIVISION OF DILWORTH, HEREINAFTER REFERRED TO, WHO MAY COME IN AND MAKE THEMSELVES PARTIES PLAINTIFF IN THIS ACTION, v. T. S. McPHEETERS AND JOHN CROSLAND.

(Filed 29 June, 1932.)

**Deeds and Conveyances C g—Refusal of injunction against violation of restrictive covenants is upheld in this case.**

An order denying a motion for injunction against the violation of restrictive covenants in a deed by the grantee's successor in title, based upon findings that the nature of the development had so substantially changed as to render the enforcement of the restriction inequitable, is affirmed in this case.

APPEAL by plaintiffs from *Cowper, Special Judge,* at October Special Term, 1931, of MECKLENBURG. Affirmed.

This is an action brought by plaintiffs against the defendants in which "plaintiffs pray that the defendants, and each of them, their servants, agents and representatives, be perpetually enjoined from erecting or maintaining upon the defendant's said property any filling station, stores, buildings or structures other than those permitted by the deed conveying said property. . . . And that they be perpetually enjoined and restrained from violating in any particular the conditions and restrictions mentioned in this complaint, and for such other and further relief as the plaintiff may be entitled to in the premises."

A jury trial was waived by the parties and it was agreed that his Honor, Judge G. V. Cowper, should hear the cause and decide the issues

and questions of fact as well as law. After finding the facts, the court below held: "That by the changes hereinbefore enumerated which have taken place in the vicinity of the defendant's property since the restrictions were placed on same, his property and the property in the vicinity thereof has undergone radical and fundamental change of character as to render it wholly unfit and unsuitable for use for residence purposes, and that if the said property were now restricted to residential use it would be a great hardship on the defendants and of no material benefit to the plaintiffs, and that it would be against equity to enforce the restriction complained of and to issue the injunction prayed by the plaintiffs in this case. Now, therefore, the court having found the facts and the law to be as set out above, it is, upon motion of the attorneys for defendants, considered, ordered and adjudged that the relief demanded by the plaintiffs be and the same is hereby denied."

The plaintiffs made numerous exceptions and assignments of error and appealed to the Supreme Court.

*Cochran & McClenneghan, John M. Robinson and Hunter M. Jones for plaintiffs.*

*Whitlock, Dockery & Shaw for defendants.*

PER CURIAM. This is the same lot with the *same restrictions* which was passed upon in *Higgins v. Hough,* 195 N. C., 652. That case was heard before Harding, J. After setting out the various violations of the restrictions, the court further found: "The court further finds as a fact that the character of the community has been changed by the expansion of the city and the spread of industry and other causes resulting in a substantial subversion or fundamental change in the essential character of the property herein referred to. That changed conditions resulting from the natural growth of the city bringing industry, traffic and apartment houses, clubs, mosques, and churches into such close proximity to the restricted area or property herein described as to render it undesirable for the purpose to which it is restricted. That violations of the restrictions have been so general as to indicate and in fact do indicate the purpose and intention on the part of the residents of the community to abandon the general scheme or purpose in this immediate section. . . . The court further finds as a fact that it is inequitable and unjust to require the enforcement of the restrictions and that it is detrimental and injurious to the market value of the property, and if said restrictions are permitted to continue that it will retard the advancement and upbuilding of the property for the purpose for which it can be best used."

On appeal to this Court, the judgment was affirmed. The facts in the above action were agreed upon, but the plaintiffs were not parties to the action and therefore not bound by same.

The defendants contend that "This is an appeal by the plaintiffs from a judgment in the lower court denying a mandatory injunction to require the defendants to tear down and remove four stores from the lot on account of an alleged violation of the building restrictions. . . . The defendants in this case are the successors in title of the defendant in the *Higgins case, supra.* They were not parties to that case, but acquired their title after it was decided, and built their stores in reliance upon that decision."

From a careful review of the record and able briefs of plaintiffs in this action, we see no prejudicial or reversible error in the judgment of the court below. The judgment of the court below is

Affirmed.